**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,                )<br>                                                    )<br>                        Plaintiff,           )<br>                                                    )<br>            vs.                                  )<br>                                                    )<br>                                                    )<br>GURPREET SINGH LAIL, and RANJEET )<br>SINGH,                                        )<br>                                                    )<br>                        Defendants.        )<br>_____ ) | 3:13-CR-00018-RCJ-WGC<br><br>ORDER |

    This case arises out of an alleged conspiracy to sell synthetic cannabinoids from a convenience store. Defendant Gurpreet Singh Lail has filed two motions to suppress (ECF Nos. 55 and 56), a motion to dismiss multiple indictment counts (ECF No. 58), and a motion for permission to move for a bill of particulars (ECF No. 57). For the reasons stated herein, the Court denies each of these motions.

I.      **BACKGROUND**

    On September 11, 2013, the grand jury issued a second superseding indictment against Defendants Gurpreet Singh Lail ("Lail") and Ranjeet Singh ("Singh") on nine counts. (Second Superseding Indictment, ECF No. 43). In Count One, titled "Conspiracy to Possess with Intent to Distribute and Distribute a Controlled Substance or a Controlled Substance Analogue," the indictment alleges that between June 28, 2012 and February 6, 2013, Defendants conspired with each other to possess with intent to distribute and distribute a mixture or substance containing detectable amounts of (1) AM2201, a Schedule I controlled substance; (2) JWH-018, a Schedule I controlled substance; (3) XLR11, a controlled substance analogue, as defined in 21 U.S.C. §802(32)(A), of JWH-018; (4) UR-144, a controlled substance analogue, as defined in 21 U.S.C.

§802(32)(A), of JWH-018; in violation of 21 U.S.C. §§ 802(32)(A), 813, 841(a)(1) and (b)(1)(C), and 846. (*Id.*).

In Count Two, titled "Distribution of a Controlled Substance Analogue," the indictment alleges that on June 28, 2012, Defendants knowingly distributed a mixture or substance containing a detectable amount of AM2201 in violation of 21 U.S.C. §§ 802(32)(A), 813, 841(a)(1) and (b)(1)(C), and 18 U.S.C. § 2. (*Id.*).

In Count Three, also titled "Distribution of a Controlled Substance Analogue," the indictment alleges that on July 6, 2012, Singh knowingly distributed a mixture or substance containing a detectable amount of AM2201 in violation of 21 U.S.C. §§ 802(32)(A), 813, 841(a)(1) and (b)(1)(C), and 18 U.S.C. § 2. (*Id.*).

In Count Four, titled "Maintaining Drug-Involved Premises," the indictment alleges that between June 28, 2012 and February 6, 2013, Defendants knowingly and intentionally opened, used, and maintained the M&K convenience store, located at 301 North Taylor Street, Fallon, Nevada, for the purpose of manufacturing, distributing, and using the aforementioned substances. (*Id.*).

In Count Five, titled "Possession with Intent to Distribute a Controlled Substance Analogue," the indictment alleges that on February 6, 2013, Defendants knowingly possessed, with intent to distribute, a mixture or substance (with packaging labeled "Diablo") containing a detectable amount of XLR11, which is a controlled substance analogue, as defined in 21 U.S.C. §802(32)(A), of JWH-018, a Schedule I controlled substance, in violation of 21 U.S.C. §§ 802(32)(A), 813, 841(a)(1) and (b)(1)(C), and 18 U.S.C. § 2. (*Id.*).

In Count Six, also titled "Possession with Intent to Distribute a Controlled Substance Analogue," the indictment alleges that on February 6, 2013, Defendants knowingly possessed,

with intent to distribute, a mixture or substance (with packaging labeled "Puff") containing a detectable amount of both UR-144 and XLR11, each of which is a controlled substance analogue, as defined in 21 U.S.C. §802(32)(A), of JWH-018, a Schedule I controlled substance, in violation of 21 U.S.C. §§ 802(32)(A), 813, 841(a)(1) and (b)(1)(C), and 18 U.S.C. § 2. (*Id.*).

In Count Seven, also titled "Possession with Intent to Distribute a Controlled Substance Analogue," the indictment alleges that on February 6, 2013, Defendants knowingly possessed, with intent to distribute, a mixture or substance (with packaging labeled "Smokin Dragon") containing a detectable amount of both UR-144 and XLR11, each of which is a controlled substance analogue, as defined in 21 U.S.C. §802(32)(A), of JWH-018, a Schedule I controlled substance, in violation of 21 U.S.C. §§ 802(32)(A), 813, 841(a)(1) and (b)(1)(C), and 18 U.S.C.

In Count Eight, titled "Possession with Intent to Distribute a Controlled Substance and Controlled Substance Analogue," the indictment alleges that on February 6, 2013, Defendants knowingly possessed, with intent to distribute, a mixture or substance (with packaging labeled "Smokin Dragon") containing a detectable amount of AM2201, a Schedule I controlled substance, and UR-1444 and XLR11, in violation of 21 U.S.C. §§ 802(32)(A), 813, 841(a)(1) and (b)(1)(C), and 18 U.S.C. (*Id.*).

In Count Nine, also titled "Possession with Intent to Distribute a Controlled Substance Analogue," the indictment alleges that on February 6, 2013, Defendants knowingly possessed, with intent to distribute, a mixture or substance (with packaging labeled "Knockout") containing a detectable amount of XLR11, which is a controlled substance analogue, as defined in 21 U.S.C. §802(32)(A), of JWH-018, a Schedule I controlled substance, in violation of 21 U.S.C. §§ 802(32)(A), 813, 841(a)(1) and (b)(1)(C), and 18 U.S.C. § 2. (*Id.*).

The Pending motions now follow.

## II.   MOTION TO SUPPRESS SEIZED EVIDENCE (ECF No. 55)

Defendant Lail moves for an order suppressing the evidentiary fruits of the warrantless search of the M&K convenience store. The Court denies the motion, finding that Defendant voluntarily and intelligently consented to the search.

The Fourth Amendment secures "the right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures." U.S. Const. amend. IV. The Fourth Amendment protects reasonable and legitimate expectations of privacy. *Katz v. United States*, 389 U.S. 347 (1967). The Fourth Amendment protects "people not places." *Id.* Evidence obtained in violation of the Fourth Amendment and evidence derived therefrom may be suppressed as the "fruit of the poisonous tree." *Wong Sun v. United States*, 371 U.S. 471(1963). "It is well settled under the Fourth and Fourteenth Amendments that a search conducted without a warrant issued upon probable cause is *per se* unreasonable . . . subject only to a few specifically established and well-delineated exceptions." *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973) (internal quotation marks omitted). "It is equally well settled that one of the specifically established exceptions to the requirements of both a warrant and probable cause is a search that is conducted pursuant to consent." *Id.*

It is undisputed that on February 6, 2013, DEA agents approached Mr. Lail in the M&K convenience store to discuss Defendants' previous sale of "spice," the colloquial name for a synthetic cannabinoid made, in various blends, from various Schedule I controlled substances and/or controlled substance analogues. During the encounter, which occurred while the investigators and Defendants were alone in the store, the investigators asked Lail for consent to search the premises for spice. Lail consented and signed a DEA consent-to-search form.

(Consent, ECF No. 75, at 9). Lail now appears to argue that his consent was invalid. (Mot. Suppress, ECF No. 55, at 3–4 ). The Court disagrees.

A warrantless search does not offend the Constitution "if conducted pursuant to the valid consent of a person in control of the premises." *United States v. Kaplan*, 895 F.2d 618, 622 (9th Cir. 1990) (citing *Schneckloth*, 412 U.S. at 222). It is the government's burden to demonstrate that consent to a warrantless search was voluntary. *Id.*; *see also United States v. Matlock*, 415 U.S. 164, 170 (1974). Whether consent to search was voluntary and intelligent is a question of fact, and its resolution depends upon the totality of the circumstances. *Kaplan*, 895 F.2d at 622 (9th Cir. 1990); *United States v. Cormier*, 220 F.3d 1103, 1112 (9th Cir. 2000). The Ninth Circuit "considers the following five factors in determining whether a person has freely consented to a search: (1) whether defendant was in custody; (2) whether the arresting officers had their guns drawn; (3) whether *Miranda* warnings were given; (4) whether the defendant was told he had the right not to consent; and (5) whether the defendant was told that a search warrant could be obtained." *Cormier*, 220 F.3d at 1112. When viewing the surrounding circumstances, "there is no single controlling criterion." *United States v. Agosto*, 502 F.2d 612, 614 (9th Cir.1974) (per curiam) (citing *Schneckloth*, 412 U.S. at 226) (The issue of voluntariness "remains a question of fact for determination upon the totality of the circumstances.").

Without specifically saying so, Lail appears to contend that he did not voluntarily consent to the search of the store. Indeed, his motion implies, without expressly stating, that a language barrier precludes a finding that the search was consensual. (*See* Mot. Suppress, ECF No. 55, at 2–4). The record suggests otherwise.

Emphasizing Lail's ability to speak and understand the English language, the government asserts the following, which Lail does not dispute: (1) "[Lail] spoke well enough English to

translate the *Miranda* warning for [Defendant Singh], who was also present during [the] February 6, 2013 encounter," (Opp'n, ECF No. 75, at 3); (2) neither of the investigators who witnessed Lail sign the consent-to-search form reported any trouble communicating with him, (*Id.*); (3) after waiving his own *Miranda* rights, Lail freely spoke with the investigators in English, (*Id.* at 4)[1]; (4) after viewing still photographs depicting Lail and Singh selling spice to an investigator, Lail stated, "anyone could have taken that photograph at any time." (*Id.*). The Court finds that these undisputed statements and actions evidence that Lail has a sufficient understanding of the English language to give valid consent for Fourth Amendment purposes.

Furthermore, although Lail was apparently in custody when he gave consent, the second, third, and fourth *Cormier* factors support a finding that the consent was voluntary: (2) the investigators did not draw their guns or otherwise engage in a showing of force; (3) Lail was read his *Miranda* rights and continued to discuss the case with investigators; and (4) Lail signed a written consent form, which itself speaks to the voluntariness of his consent. (*See* Consent, ECF No. 75, at 9). Indeed, it appears that Lail was entirely free to withhold his consent. Accordingly, the Court finds that Lail voluntarily and intelligently consented to the search and thus, that the Fourth Amendment does not require the suppression of its evidentiary fruits. The motion to suppress is therefore denied.

## III.   MOTION TO SUPPRESS DEFENDANT'S STATEMENTS (ECF No. 56)

Lail also moves for an order suppressing any evidence connected to or derived from his statements to the investigators. (ECF No. 56). The Court denies the motion, finding that Lail was under no pressure to speak with the investigators and that he voluntarily waived his *Miranda* rights.

---

[1] Lail does dispute the assertion that he waived his *Miranda* rights. (*See generally* Mot. Suppress, ECF No. 56).

While this motion is also less than clear, it appears to assert two bases for suppression: (1) that Lail's statements were involuntary in violation of due process; and (2) that Laid did not effectively waive his *Miranda* rights. Importantly, the motion offers no factual allegations to support these theories. Instead, it merely recites statements of well-settled law. (*See generally* ECF No. 56).

In *Miranda v. Arizona*, 384 U.S. 436 (1966), the Supreme Court held that certain warnings must be given before a suspect's statement made during custodial interrogation can be admitted in evidence. *Miranda* and its progeny govern the admissibility of statements made during custodial interrogation in both state and federal courts. *Id.* at 443–45. Where a *Miranda* waiver is concerned, the voluntariness prong and the knowing and intelligent prong are two separate inquiries. *Derrick v. Peterson*, 924 F.2d 813, 820–24 (9th Cir. 1990). Once properly advised of his rights, an accused may waive them voluntarily, knowingly, and intelligently. *Miranda*, 384 U.S. at 475. The distinction between a claim that a *Miranda* waiver was not voluntary, and a claim that such waiver was not knowing and intelligent is important. *Cox v. Del Papa*, 542 F.3d 669, 675 (9th Cir. 2008). The voluntariness component turns on the absence of police overreaching. In other words, the voluntariness component turns upon external factors, whereas the cognitive component requires the awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it. *Id.*; *see also Moran v. Burbine*, 475 U.S. 412, 421 (1986) ("The inquiry has two distinct dimensions. First, the relinquishment of the right must have been voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception. Second, the waiver must have been made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it. Only if the totality of the circumstances surrounding the interrogation

reveal both an uncoerced choice and the requisite level of comprehension may a court properly conclude that the *Miranda* rights have been waived.") (internal citations and quotation marks omitted).

To determine the voluntariness of a confession, the court must consider the effect that the totality of the circumstances had upon the will of the defendant. *Schneckloth*, 412 U.S. 218, 226–27. "The test is whether, considering the totality of the circumstances, the government obtained the statement by physical or psychological coercion or by improper inducement so that the suspect's will was overborne." *United States v. Leon Guerrero*, 847 F.2d 1363, 1366 (9th Cir.1988) (citing *Haynes v. Washington*, 373 U.S. 503, 513–14 (1963)); *see, e.g.*, *Cunningham v. Perez*, 345 F.3d 802, 810–11 (9th Cir. 2003).

Here, the Court finds that Lail's inculpatory statements were not involuntary and that he knowingly, intelligently, and voluntarily waived his *Miranda* rights. Indeed, it is undisputed that Lail was read his *Miranda* rights and that he later translated a recitation of those rights for Singh, and it is likewise undisputed that Lail clearly and unambiguously waived those rights *before* he agreed to answer the officers' questions. Notably, after waiving his rights, Lail engaged Special Agent Landry ("SA Landry"), asking for evidence of the wrongdoing alleged. In response, SA Landry showed Lail a snapshot from a video allegedly showing Lail selling spice on June 28, 2012. Lail then disclaimed the picture, stating "anyone could have taken that photograph at any time." (Opp'n to Mot. Suppress Statements, ECF No. 76, at 6–7). This colloquy, in and of itself, evidences a lack of pressure or intimidation. Indeed, the request for proof by the defendant reflects the defendant leading that part of the conversation. These facts, coupled with the facts supporting the Court's finding that Lail voluntarily consented to the warrantless search, *see supra*, demonstrate that Lail was under no pressure to make incriminating statements. Instead, he

freely and voluntarily waived his *Miranda* rights and voluntarily made the statements he now

seeks to suppress. The instant motion is therefore denied.

## IV.     MOTION TO DISMISS INDICTMENT COUNTS (ECF No. 58)

Lail next argues that the second superseding indictment violates the rule against

multiplicity, and he moves to dismiss Counts Five, Six, Seven, and Nine, and consolidate their

allegations into a single count, Count Eight, for possession with intent to distribute. (ECF No. 58,

at 1). Specifically, the motion, which includes less than a page of text, argues the following:

> [Counts 5–7 and 9] all charge the same offense: possession with intent to
> distribute. Those counts all charge the same offenses relating to alleged analogues
> "XLR11" (Counts 5–9), "UR-144" (Counts 6–8) and "AM2201" (Count 8). The
> only differences in the counts are that the alleged names on the packaging labels
> differ—whose names have no legal criminal significance.
>
> Such multiplicity of counts is prejudicial to Mr. Lail because they may result in
> multiple sentences in violation of the Double Jeopardy Clause, *U.S. v. Alerta*, 96
> F. 3d 230, 1239 (9th Cir. 1996).
>
> WHEREFOR, this Court should dismiss Counts 5, 6, 7, and 9, and leave only one
> count (Count 8), naming all three analogues and all of the package label names.

(ECF No. 58, 1–2). This argument does not withstand Ninth Circuit precedent, and the motion is

therefore denied.

To the extent that Lail argues that charging multiple counts for possession of different

prohibited substances is multiplicitous, which is somewhat unclear, the motion fails under *United*

*States v. Vargas-Castillo*, 329 F.3d 715 (9th Cir. 2003). In *Vargas-Castillo*, the defendant was

indicted for possession of cocaine with intent to distribute and possession of marijuana with

intent to distribute, both in violation of 21 U.S.C. § 841(a)(1), and for importation of cocaine and

importation of marijuana, both in violation of 21 U.S.C. §§ 952 and 960. *Id.* at 719. Addressing

the defendant's multiplicity argument, the court explained that the " test to determine whether an

indictment is multiplicitous is 'whether each separately violated statutory provision requires

proof of an additional fact which the other does not.'" *Id.* (citing *United States v. McKittrick*, 142 F.3d 1170, 1176 (9th Cir. 1998) (quoting *Blockburger v. United States*, 284 U.S. 299, 304 (1932))). Then, after reciting the elements of each offense in question, the court concluded, *inter alia,* that each separately alleged violation of 21 U.S.C. § 841(a)(1), the possession of marijuana and base cocaine with the intent to distribute, required the proof of an additional fact and therefore satisfied *McKittrick.*

The same is true here. AM2201, UR-144, and XLR11 are all separate and distinct substances, and 21 U.S.C. §813 specifically provides that controlled substance analogues, to the extent intended for human consumption, are to be treated as Schedule I controlled substances. Thus, Lail has been separately charged for possessing three different prohibited substances, and each of those charges "requires proof of an additional fact which the other does not," namely the possession of the particular substance listed in the charge. Therefore, the government's decision to charge three separate counts for the alleged possession of three separate analogues does not violate the rule against multiplicity.

Furthermore, the extent that Lail's claim that "[t]he only differences in the counts are that the alleged names on the packaging labels differ—whose names have no legal criminal significance," (ECF No. 58, at 1), is meant to imply that he cannot be separately charged for selling separate packages, he is again mistaken. The mere fact that the different blends were sold in different and distinct packages suggests an intent to engage in separate and distinct prohibited transactions. More importantly, the indictment plainly alleges that Defendants sold separate packages, as separate units, at separate times. (*See generally* Second Superseding Indictment, ECF No. 43). It cannot be reasonably maintained that a person who sells a package containing AM2201, or any other controlled substance or controlled substance analogue, cannot be

separately charged for selling a similar package in a separate transaction. *See United States v. Mancuso*, 718 F.3d 780, 791 (9th Cir. 2013) (separate acts of distribution are distinct offenses). Therefore, the challenged counts are not multiplicitous, and the motion to dismiss is denied.

V.      **MOTION TO MOVE FOR BILL OF PARTICULARS (ECF No. 57).**

Rule 7(f) of the Federal Rules of Criminal Procedure provides for a bill of particulars:

> The court may direct the filing of a bill of particulars. A motion for a bill of particulars may be made before arraignment or within ten days after arraignment or at such later time as the court may permit. A bill of particulars may be amended at any time subject to such conditions as justice requires.

Lail acknowledges that more than 14 days have passed since the arraignment on the second superseding indictment, and he therefore moves for permission to file a motion for a bill of particulars. (ECF No. 57, at 1). This motion is also denied.

Lail contends that the second superseding indictment is not specific enough to enable him to prepare his defense, insofar as (1) the conspiracy charge, listed as Count 1, fails to allege the "factual basis for the necessary element of an agreement having been made between the defendants"; (2) "there is no reference to the rule, regulation or other promulgation that declares AM2201 or JWH-018 to be Schedule I controlled substances, nor where the tongue-twistingly named alleged analogues are so listed"; and (3) "the only sales alleged are in Counts 2 and 3, and they are only for allegedly selling AM2201, not for selling the analogues alleged in Counts 1(b) and (c); thus there needs to be clarification of how the allegation of 'possess with intent to distribute and distribute' applies to 1(b) and 1(c)." (*Id.* at 2).

A bill of particulars is appropriate when the indictment is insufficient to permit the preparation of an adequate defense. *See* Fed. R. Crim. P. 7(f). The purpose of a bill of particulars is threefold: (1) to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial; (2) to avoid or minimize the danger of surprise at the

time of trial; and (3) to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague, and indefinite for such purposes. *United States v. Ayers*, 324 F.2d 1468, 1483 (9th Cir. 1991) (quoting *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979)). Where an indictment, itself, provides the details of the alleged offense, a bill of particulars is unnecessary. *Giese*, 597 F.2d at 1180. In the Ninth Circuit "[t]he use of a 'bare bones' information—that is one employing the statutory language alone—is quite common and entirely permissible so long as the statute sets forth fully, directly and clearly all essential elements of the crime to be punished." *United States v. Woodruff*, 50 F.3d 673, 676 (9th Cir. 1995) (citing *United States v. Crow*, 824 F.2d 761, 762 (9th Cir.1987) (noting that while the information lacked particulars it did put defendant on notice that the conduct was of the kind made penal)).

Furthermore, "An indictment under 21 U.S.C. § 846 is sufficient if it alleges: 'a conspiracy to distribute drugs, the time during which the conspiracy was operative and the statute allegedly violated, even if it fails to allege or prove any specific overt act in furtherance of the conspiracy.'" *United States v. McGown*, 711 F.2d 1441, 1450 (9th Cir. 1983).

None of the purposes of a bill of particulars are implicated in this case. Count 1 plainly alleges a conspiracy to distribute mixtures of prohibited substances between June 28, 2012 and February 6, 2013, in violation of the statutes listed therein. Therefore, even without an allegation of agreement, Count 1 is sufficient under *McGown*. Lail's second contention is likewise unavailing. The fact that an indictment fails to list a rule or regulation enumerating the prohibited substances does not, alone, preclude a defendant from asserting an adequate defense. Indeed, Lail's apparent concern merely raises a simple legal research question—one that learned counsel should have little difficulty addressing. Moreover, the indictment's mere listing of the specific

substances for which possession is charged (1) informs Lail of the nature of the charge against him; (2) avoids the danger of a surprise at trial; and (3) enables him to plead his acquittal or conviction in bar of another prosecution for the same offense. Therefore, the indictment itself obviates the need for a bill of particulars. *See Ayers*, 324 F.2d at 1483 (9th Cir. 1991).

Lail's final contention is also unpersuasive. It can be reduced the following: The indictment does not specifically allege that Lail sold any prohibited substance other than AM2201, and it is therefore unclear how the "possess with intent to distribute and distribute" allegation applies to the analogous, rendering a bill of particulars necessary. The Court disagrees. In light of the text and specificity of the indictment, which goes beyond the "bare bones" standard endorsed in *Woodruff*, the voluminous pretrial discovery provided by the government, and the fact that a "defendant is not entitled to know all the *evidence* the government intends to produce but only the *theory* of the government's case," *United States v. Ryland*, 806 F.2d 941, 942 (9th Cir. 1986) (emphasis in original), the Court finds that Lail has notice sufficient to prepare an adequate defense. It is, of course, possible that the government lacks the evidence necessary to prove distribution of the analogues, and if that is the case, Lail is free to move for a directed verdict at trial. A motion for a bill of particulars, however, is an improper vehicle for determining whether this outcome is likely. The motion for permission to file a bill of particulars is therefore denied.

///

///

///

13

**CONCLUSION**

IT IS HEREBY ORDERED  that the motion to suppress (ECF No. 55) is DENIED.

IT IS FURTHER ORDERED that the motion to suppress (ECF No. 56) is DENIED.

IT IS FURTHER ORDERED that the motion for leave to file a motion for a bill of particulars (ECF No. 57) is DENIED.

IT IS FURTHER ORDERED that the motion to dismiss indictment counts (ECF No. 58) is DENIED.

IT IS SO ORDERED.

Dated:  This 24th day of March, 2014.

_____
ROBERT C. JONES
United States District Judge