MARTIN H. WIENER, ESQ.
NBN 2115
316 South Arlington Avenue
Reno, Nevada 89501
(775) 322-4008
Attorney for Defendant

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,           ) | 3:13-CR-00018-RCJ-WGC |
| Plaintiff,                          ) | |
| vs.                                 ) | |
| GURPREET SINGH LAIL,                ) | |
| Defendant.                          ) | |

### MOTION FOR EARLY TERMINATION FROM PROBATION

Defendant GURPREET SINGH LAIL, through his undersigned counsel, moves this Court for its Order permitting Mr. Lail's early termination from probation.

Mr. Lail respectfully suggests that he has already completed more than 80% of his two-year probation term that began September, 2014. Additionally, he believes that the Probation Office will confirm that he has diligently, completely and successfully performed the requirements of his probation since that time.

DATED: May 17, 2016.

/s/ Martin H. Wiener
MARTIN H. WIENER
Attorney for Defendant

N:\BJO\CLIENTS\Lail\MtnForEarlyTermOfProbation.wpd

- 1 -

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that she is an employee of the LAW OFFICES of MARTIN H. WIENER, and that on May 17, 2016, a true and correct copy of the above and foregoing document was electronically filed and served on the person named below:

James Keller
Assistant U.S. Attorney
100 West Liberty St, Ste 600
Reno, NV 89501

/s/ Barbara Oltman

N:\BJO\CLIENTS\Lail\MtnForEarlyTermOfProbation.wpd

MARTIN H. WIENER, ESQ.
NBN 2115
316 South Arlington Avenue
Reno, Nevada 89501
(775) 322-4008
Attorney for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 3:13-CR-00018-RCJ-WGC |
| Plaintiff, | ) | |
| vs. | ) | |
| GURPREET SINGH LAIL, | ) | |
| Defendant. | ) | |

**SUPPLEMENT TO MOTION FOR
EARLY TERMINATION FROM PROBATION (Doc #111)**

Defendant GURPREET SINGH LAIL, through his undersigned counsel, supplements his Motion (Doc #111, previously filed on May 17, 2016) for this Court's Order permitting Mr. Lail's early termination from probation.

**LEGAL AUTHORITIES**

This Court is authorized to terminate a term of felony probation and discharge the defendant at any time after the expiration of one year of probation, 18 U.S.C. §3564(c); Mr. Lail has completed almost two years. That rule requires that the Court: (1) consider the applicable factors set forth in 18 U.S.C. §3553(a); (2) comply with the probation modification provisions of the Federal Rules of Criminal Procedure (i.e., FRCrP 32.1(c)); and, (3) consider whether early termination, "is warranted by the conduct of the defendant and the interest of justice".

First, Mr. Lail respectfully suggests that the assertions in the Motion, and the

expected confirmation of those assertions by the United States Probation Office, satisfy requirement (3) in the preceding paragraph: that early termination, "is warranted by the conduct of the defendant and the interest of justice", 18 U.S.C. §3564(c).

Second, Mr. Lail respectfully suggests that the required consideration of the applicable factors in 18 U.S.C. §3553(a) strongly merits his early termination from probation:

– because of the nature and circumstances of his conviction offense, his family characteristics, and his lack of any other criminal history

– because of the Court's sentencing decision, unopposed by the prosecution, that probation adequately satisfied the requirements of subsections (a)(2)-(7)

– and, because of his exemplary performance while on probation during more than 20 of his 24 months of supervision.

Third, the early termination Criminal Procedure rules address whether a hearing is required on Mr. Lail's request. FRCrP 32.1(c) provides, in subsection (1) that a hearing is necessary before modifying the conditions of probation; however, subsection (2) provides that a hearing is not required if: (A) the defendant waives the hearing, or if (B) the relief requested is favorable to the defendant and does not extend the term of probation, and (C) government counsel has received notice of the relief sought, and did not object despite having a reasonable opportunity to object. Subsections (2)(A) and (B) are satisfied, because Mr. Lail has no objection to the Court deciding his Motion without a hearing, and the relief requested is favorable to him and can shorten his probation. However, he leaves it to the Court's discretion – and to the prosecution's right, in subsection (2)(C), to object to early termination – whether to order a hearing on his Motion.

///
///
///

**WHEREFOR**, this Court should permit Mr. Lail's termination of probation.

DATED: May 18, 2016.

/s/ Martin H. Wiener
MARTIN H. WIENER
Attorney for Defendant

IT IS SO ORDERED.

_____
ROBERT C. JONES

DATED: This 7th day of June, 2016.

N:\BJO\CLIENTS\Lail\SuppToMtnForEarlyTermOfProbation.wpd

- 3 -

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee of the LAW OFFICES of MARTIN H. WIENER, and that on May 18, 2016, a true and correct copy of the above and foregoing document was electronically filed and served on the person named below:

James Keller
Assistant U.S. Attorney
100 West Liberty St, Ste 600
Reno, NV 89501

/s/ Barbara Oltman

N:\BJO\CLIENTS\Lail\SuppToMtnForEarlyTermOfProbation.wpd